(No. 10898.)

LEON FEINGOLD, Appellant, vs. CHARLOTTE B. ROESCH-
LEIN, Appellee.

*Opinion filed December 21, 1916.*

1. TRUSTS—*joint trust results where consideration is contrib-
uted by two or more persons in aliquot parts.* Where the consid-
eration for the purchase of property is contributed by two or more
persons in aliquot parts, as one-quarter or one-half, and the title
is taken in another for their benefit, a trust will result to them
jointly, by operation of law, to the extent of the funds respectively
contributed in the joint purchase or exchange of properties.

2. SAME—*interest of one joint tenant in property for which the
joint property is exchanged.* Where husband and wife, joint ten-
ants and not tenants in common, exchange their joint property for
other lands, the title being taken, by fraud of the husband, in the
name of his mother, the mother loaning her son a sum with which
to pay off incumbrances and clear the title to the joint property,
the wife is the equitable owner of an undivided one-half of the
property acquired in exchange and of an inchoate right of dower
in the other half, subject to a lien in favor of her mother-in-law
for one-half the sum loaned to pay off the incumbrances.

APPEAL from the Superior Court of Cook county; the
Hon. DENIS E. SULLIVAN, Judge, presiding.

RICHARD J. COONEY, and JOHN A. VERHOEVEN, for
appellant.

CYRUS HEREN, D. AVERY KIMBARK, and D. G. ROBERT-
SON, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the
court:

Appellant, Leon Feingold, filed his bill in chancery in
the superior court of Cook county against appellee, Char-
lotte Roeschlein, (formerly Charlotte B. Richter,) to re-
move an affidavit filed by her in the recorder's office of Cook
county on February 13, 1913, as a cloud upon the title to

certain lots of which he claimed to be the owner in fee
simple.  Five pieces of property are mentioned in this liti-
gation.  One is spoken of as the Montrose boulevard prop-
erty, which was formerly owned by the appellee and her
then husband, Edward L. Richter, jointly, on which a flat-
building was located.  The unimproved properties for which
the above property was exchanged were spoken of, re-
spectively, as the Rosemont avenue, Thome street, Franklin
boulevard and Western avenue properties.  The lots in-
volved in the litigation are the Rosemont avenue and Thome
street properties.  The bill charges that the premises are
vacant, unimproved and unoccupied and that appellant is
the owner thereof in fee simple; that on the above date
appellee filed in the recorder's office of Cook county a cer-
tain instrument in which she claimed some equitable title
or interest in the premises, and the bill charges that she
has not now, and never had, any interest in the premises
and that her claim is wholly without foundation; that the
statements in the instrument filed by her are not true, and
that the same was filed solely for the purpose of embarrass-
ing Dora Richter, from whom appellant derived his title, in
disposing of the premises, and that it constituted a cloud
upon the title to the property and should be removed.  The
bill prays that a decree may be entered removing the in-
strument as such cloud.

Appellee answered the bill, denying that appellant is the
owner in fee of the lots and alleging that she is the equi-
table owner of the same, which were secured in an exchange
for property which she owned, and that the title of the
lots was taken in the name of Dora Richter either by mis-
take or as an intentional fraud on appellee for the purpose
of cheating and defrauding her of her rights and interest in
the same; that she did not learn that the title to the same
had been taken in the name of Dora Richter until a long
time after the deed was made, and that soon after she
learned the deed had been so made she inquired of Dora

Richter as to the facts, and was informed said conveyance had been made to her in trust for the use and benefit of appellee, and that she was ready and willing to convey the same to appellee, or to anyone she might designate, at any time.   She denied that the affidavit was placed on record for the purpose of embarrassing Dora Richter in disposing of the premises, but alleged that the statements therein were true and that she is entitled to a lien on said property for the full amount of the purchase price thereof, which was $5000.   Appellee also filed a cross-bill, to which appellant and Dora Richter and their respective spouses were made parties defendant, setting up substantially the same facts as set forth in her answer, and asked that the deed to Dora Richter might be reformed so as to convey the premises to appellee, or that it be declared to have been made in trust for her use and benefit, and that Dora Richter and appellant, and their respective spouses, be required to convey the premises to her.

The defendants answered the cross-bill, denying the material allegations thereof.   Replications were filed to the respective answers, and the cause was referred to a master in chancery to take the proofs and report the same, together with his conclusions as to the law and facts.   The master reported, finding appellant was the owner of the premises in fee simple and that the affidavit filed by appellee was a cloud on the title to the premises in question, and recommending that a decree be entered in favor of appellant removing such affidavit as a cloud on his title.   Objections were filed to the master's report, which were overruled and ordered to stand as exceptions in the superior court.   The hearing was there had on such exceptions, which were in part sustained and a decree entered in favor of appellee, finding, in substance, that appellee and her former husband, Edward L. Richter, were the joint owners of the Montrose boulevard property; that they entered into a contract with Thomas Tagney for the exchange of the same for the un-

276 – 6 .

improved properties above mentioned; that Dora Richter is the mother of Edward L. Richter and knew of the contemplated exchange of said properties, and that the purpose of making the deed of the same to her was to deprive appellee of her beneficial interest in said premises, and that she knowingly, willfully and wrongfully aided and assisted her son in disposing of the Montrose boulevard property with the intent of depriving appellee of her interest therein; that on December 16, 1912, she loaned her son $1946.09, which was used by him in reducing an incumbrance on the Montrose boulevard property and in discharging special taxes and assessments which were a lien on the same; that appellant acquired title from Dora Richter with notice and knowledge of the fact that appellee claimed an interest in the premises, and that the deed was made to him for the purpose of depriving her of her beneficial interest in the premises; that appellee is the equitable owner of an undivided one-half interest in the property in question subject to a lien in favor of appellant for $973.05, being one-half the amount advanced by Dora Richter, with interest thereon from December 16, 1912, at five per cent per annum, and of an inchoate right of dower in the other half of the premises, the same as if the property had been deeded to her and her husband jointly in the first instance. The decree taxed the costs of the proceedings to appellant. This appeal followed.

Both parties have assigned errors in this court. The substance of those assigned by appellant is that the court erred in setting aside the finding of the master, in entering a decree dismissing the original bill for want of equity, and in decreeing appellee to be the owner of an undivided one-half interest in the premises subject to the lien of appellant for $973.05, with interest. Those assigned by appellee are to the effect that the court erred in not decreeing appellee to be the owner of the whole of the fee in the property free and clear of any liens whatsoever.

It appears from the evidence as reported by the master and as found by the court in the decree, that the cross-complainant and her former husband, Edward L. Richter, were the owners, as joint tenants and not as tenants in common, of the Montrose boulevard property, which was a flat-building, and that the deed from them was the consideration for the conveyance to Dora Richter of the lots in question. In other words, cross-complainant furnished the consideration for the interest she seeks to establish in the property that was conveyed to Dora Richter as grantee. It further appears that at about that time cross-complainant and her husband were having marital troubles, which finally culminated in a divorce being granted to cross-complainant. The court found in its decree, and we think such finding is fully supported by the evidence, that Edward L. Richter intended to dispose of the property in such a manner as to wrongfully deprive cross-complainant of her interest in the property, and that Dora Richter, with full knowledge of all the circumstances, wrongfully assisted him in such wrongful disposition of the property, and that the deed from Dora Richter to appellant, Feingold, was executed on the part of both her and him with knowledge of the fact that the cross-complainant had and claimed an interest in the premises, and that they intended to deprive her of such beneficial interest.

Dora Richter is the mother of Edward L. Richter, the former husband of the cross-complainant. Appellant, Feingold, is the son-in-law of Dora Richter, his wife being a sister of Edward L. Richter. The complainant does not claim in his bill, and did not testify, that he was an innocent purchaser for value of the premises in dispute, and the only relief sought by him was to have the affidavit made by the cross-complainant and recorded by her removed as a cloud on his title. The main issue in the case raised by the cross-bill and answers is whether the cross-complainant is entitled, under the evidence, to have a trust declared in

the property in her favor as ultimately decreed by the court. The court did not construe the evidence different from the master in chancery, but on the facts as found and reported by the master came to a different conclusion and decreed accordingly. The argument of appellant is devoted for the greater part to giving reasons why the affidavit recorded by the cross-complainant should be removed as a cloud on his title, but, as we have seen, the main issue in the case is that raised by the cross-bill. We have read the evidence in the record and are unable to see any reason why the decree is not right, and we think that on the facts proven the chancellor correctly applied the law in rendering its decree. The lots in question should have been conveyed, and it was the supposition of cross-complainant that they were conveyed, to her, to the extent of at least a half interest, and she is entitled to have a trust declared in her favor for that interest and declared the equitable owner of such undivided one-half. Where the consideration is contributed by two or more persons in aliquot parts, as one-quarter or one-half, as is the case here, and the title to the property is taken in another for their benefit, a trust will result to them jointly by operation of law, to the extent of the funds respectively contributed by them in the joint purchase or exchange of properties. *Stephenson* v. *McClintock,* 141 Ill. 604; *Scheerer* v. *Scheerer,* 109 id. 11.

As to the cross-errors, it appears that Dora Richter advanced the sum the decree found for the purpose of clearing the title of the Montrose boulevard property so that the exchange of properties might be effected. She had also advanced other sums to her son, Edward L. Richter, according to her testimony, and the court found in the decree that the value of that portion of the property in question the title to which remains in the complainant under the deed from Dora Richter is in excess of all amounts loaned to Edward L. Richter after deducting the beneficial interest of cross-complainant as found. Under the circumstances

it was no more than equitable that cross-complainant should take the interest in the property she seeks, subject to the proportionate share of money which was paid by Dora Richter for her benefit. That is all the decree requires of her.

Perceiving no reversible error in the record, the decree of the superior court will be affirmed.

*Decree affirmed.*